UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDISALAM BASHI OSMAN,<br><br>        Plaintiff,<br><br>v.<br><br>INTACT INSURANCE COMPANY,<br><br>        Defendant. | Case No.: 23CV503-GPC(DEB)<br><br>**ORDER FOLLOWING ORDER TO SHOW CAUSE AND REMANDING CASE TO STATE COURT FOR LACK OF SUBJECT MATTER JURISDICTION** |

On March 20, 2023, Defendant Homeland Insurance Company of New York ("Homeland"), erroneously sued as Intact Insurance Company, removed the case to this Court alleging federal diversity jurisdiction. (Dkt. No. 1, Not. of Removal at 2-3.[1]) On March 29, 2023, the Court issued an order to show cause why the case should not be remanded to state court for lack of subject matter jurisdiction for failing to plausibly allege the amount in controversy.[2] (Dkt. No. 5.) Based on the reasoning below, the Court REMANDS the case to San Diego Superior Court.

/ / /

---

[1] Page numbers are based on the CM/ECF pagination.
[2] Diversity of citizenship has been satisfied because the notice of removal asserts that Plaintiff is a citizen of California and Homeland is incorporated in New York and has its principal place of business in Plymouth, Minnesota. (Dkt. No. 1 at 3.)

**Discussion**

District courts have original jurisdiction to hear civil actions where the amount in controversy exceeds $75,000 and the parties are citizens of different States. *See* 28 U.S.C. § 1332. The amount in controversy must exceed "the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Once the Court questions the amount in controversy[3], the "removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds [$75,000]. Under this burden, the defendant must provide evidence establishing that it is more likely than not that the amount in controversy exceeds that amount." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996) (internal quotation marks omitted).

Moreover, "the removal statute is strictly construed against removal jurisdiction," and the party invoking the removal statute bears the burden of establishing federal jurisdiction. *Cal. ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (citing *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988)); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (this circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

28 U.S.C. § 1446(b) sets forth two thirty-day deadlines to remove a case to federal court. The first thirty-day period is only triggered "if the case stated by the initial pleading is removable on its face." *Harris v. Bankers Life & Cas. Co.,* 425 F.3d 689, 694 (9th Cir. 2005). The second thirty-day period is only "triggered if the initial pleading does not indicate that the case is removable, and the defendant receives 'a copy of an

---

[3] As stated in the order to show cause, the notice of removal summarily states it "believes that the amount in controversy exceeds the sum of $75,000. This is an unlimited civil case." (Dkt. No. 1, Not. of Removal at 3.) An unlimited civil case in state court means the amount demanded exceeds $25,000. (*See* Dkt. No. 1-2 at 4.) Therefore, the notice of removal did not plausibly allege the amount of controversy exceeds $75,000.

amended pleading, motion, or other paper' from which removability may first be ascertained." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 885 (9th Cir. 2010).

In this case, Defendant filed a notice of removal within the first thirty-day period.[4] Therefore, at the initial pleading state, the notice of removal "is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Harris,* 425 F.3d at 694.  "If no ground for removal is evident in that pleading, the case is 'not removable' at that stage." *Id.*

Here, the complaint is a form state court complaint and does not allege an amount in controversy except Plaintiff checked the box that the case is an unlimited civil case, meaning the amount demanded exceeds $25,000.  (Dkt. No. 1-2, Compl.)  The complaint alleges one count of breach of contract alleging that Defendant failed to pay disability benefits.  (Dkt. No. 1-2, Compl.)  In reply, Plaintiff's counsel provided a declaration stating that Plaintiff is a driver for Uber and was involved in a motor vehicle accident on October 7, 2022 and has been disabled since that date.  (Dkt. No. 7-1, Clune Decl. ¶ 2.) Plaintiff made a claim for disability benefits but Defendant has been giving him the "run around." (*Id.*)  Plaintiff earned about $7,000 or less per month and is expected to return to work the first week of May 2023; therefore, the amount in controversy will more likely than not be less than $50,000.  (*Id.*)

Based on the initial pleading, the state court complaint does not allege damages from which Defendant could have reasonably calculated whether the amount in controversy was exceeded.  Moreover, Defendant has not come forth with any relevant evidence to support the amount in controversy.  In fact, Defendant concedes it cannot provide evidence establishing that it is more likely than not that the amount in controversy is exceeded.  (*See* Dkt. No. 6 at 2 (Homeland "is unable to submit proof of

---

[4] The Court questions whether the notice of removal was timely filed on March 20, 2023 when the original complaint was filed on February 14, 2023 and Defendant was served on February 17, 2023 but does not make a determination because the Court concludes it does not have subject matter jurisdiction over the case and remands the case to state court.

the amount in controversy.")  Instead, Defendant criticizes Plaintiff for failing to allege an amount in controversy and failing to provide any evidence of the amount of his property damages, his disability or his medical condition; however, it is Defendant who has the burden to demonstrate the Court's jurisdiction over this case on removal.[5]

Therefore, the case was not removable at the initial pleading stage, and the Court REMANDS the case to state court for lack of subject matter jurisdiction.  *See Diaz v. Allstate Northbrook Indemnity Co.*, -- F. Supp. 3d --, 2022 WL 4009511, at *6 (S.D. Cal. Sept. 2, 2022) (amount in controversy not ascertainable based on general allegations of "general non-economic and compensatory damages, including those for pain, suffering, and emotional distress; economic damages, including attorney's fees, costs, expenses tied to the arbitration for the underlying policy; general attorney's fees and costs; and punitive damages").

## Conclusion

Following the order to show cause, the Court concludes that Defendant has failed to establish removal is proper under federal jurisdiction and REMANDS the action to the San Diego Superior Court for lack of subject matter jurisdiction.  Because the Court lacks subject matter jurisdiction, the Court also DENIES Defendant's pending motion to dismiss as moot.

IT IS SO ORDERED.

Dated:  April 18, 2023

Hon. Gonzalo P. Curiel
United States District Judge

---

[5] Defendant's additional arguments are also irrelevant and not legally supported.  Defendant argues that the insurance policy at issue provides Plaintiff with disability and medical benefits up to $1,000,000. (Dkt. No. 6 at 2; Dkt. No. 4-4, McCall-Mayfield Decl., Ex. 2 at 4-5.)  Further, Defendant anticipates that Plaintiff will seek leave to add a claim of breach of the implied covenant of good faith and fair dealing and seek attorney's fees and punitive damages that will exceed the amount in controversy.  (Dkt. No. 6. at 2-3.)  Finally, Defendant argues that Plaintiff's failure to respond to its email that it intended to remove the action to state court is significant.  (*Id.* at 2.)